## UNITED STATES of America

v.

## Gary Lee SAMPSON

## No. CR. 01–10384–MLW.

United States District Court,
D. Massachusetts.

Feb. 4, 2004.

Frank M. Gaziano, George W. Vien, John A. Wortmann, Jr., United States Attorney's Office, Boston, MA, for Plaintiff.

---

*MEMORANDUM AND ORDER*

WOLF, District Judge.

In the first Federal Death Penalty Act prosecution in Boston, Massachusetts, defendant Gary Sampson pled guilty to two charges of carjacking resulting in death in violation of 18 U.S.C. § 2119(3). After a trial to determine his sentence, which was conducted pursuant to 18 U.S.C. § 3591 *et seq.*, the jury decided that the death penalty was justified for each of Sampson's offenses. *See* 18 U.S.C. § 3593(e).

At Sampson's sentencing on January 29, 2004, the court stated and explained the following. Citations have been added.

\* \* \* \* \* \*

Gary Sampson, pursuant to the jury's verdicts, I hereby sentence you to death for the carjacking resulting in the death of Philip McCloskey and to death for the carjacking resulting in the death of Jonathan Rizzo. *See* 18 U.S.C. § 3594.

You must also pay a $200 special assessment. *See* 18 U.S.C. § 3013(a)(2)(A).[1]

You have a right to appeal this sentence within ten days of the entry of judgment. If you would like to appeal but cannot afford a lawyer, at least one will be appointed to represent you at public expense.

I hereby commit you to the custody of the Attorney General, pursuant to 18 U.S.C. § 3596(a). Also pursuant to 18 U.S.C. § 3596(a), I hereby order that you be executed in New Hampshire in the manner prescribed by the laws of New Hampshire, by lethal injection or, if that is impractical, by hanging. *See* N.H.Rev. Stat. § 630.5 XIII, XIV. The reasons I have selected New Hampshire are explained in a separate Memorandum and Order.

Death is, of course, the most severe punishment that can be imposed for any crime. Your crimes were despicable, inexplicable, and inexcusable.

They were despicable because you brutally murdered Philip McCloskey and Jonathan Rizzo, who were innocent of everything except showing kindness to a stranger. Then you murdered Robert Whitney in New Hampshire as well.[2]

Your crimes were inexplicable. You grew up in a suburb, not a slum. You had two parents. You had more advantages than most of the people that I sentence.

Your crimes were certainly inexcusable. You may be dyslexic. You may or may not be bipolar. You used crack. However, our homeless shelters and prisons are largely populated by people with untreated mental illnesses and learning disabilities who have abused drugs. Yet they are not cruel, multiple murderers.

I always try to understand the people that I am called upon to judge. Usually, knowledge is a foundation for understanding.[3] Having listened to weeks of testimony and observed you for many months, I know more about you than any man that I

---

**1.** When a death sentence is imposed for a violation of 18 U.S.C. § 2119(3), the statute does not authorize the imposition of a fine.

**2.** Sampson murdered Robert Whitney in New Hampshire after killing Philip McCloskey and Jonathan Rizzo. Sampson was not charged with the Whitney murder in this case as it was not a federal offense and, in any event, venue in this court would have been improper. However, the jury considered the Whitney murder in deciding the appropriate punishment for Sampson in this case because it was one of the aggravating factors alleged by the government and admitted by Sampson. *See* 18 U.S.C. § 3593(a).

**3.** As Justice Louis D. Brandeis wrote: "Knowledge is essential to understanding, and understanding should precede judging." *Jay Burns Baking Co. v. Bryan*, 264 U.S. 504, 520, 44 S.Ct. 412, 68 L.Ed. 813 (1924) (Brandeis, J., dissenting).

have ever sentenced. Yet I do not feel that I really understand you at all.

However, one thing has been clear, at least to me. You are a human being. You are a man who has done monstrous things, but you are a man nevertheless, and a member of the human family. You personify the wisdom of the poet's insight that:

Evil is unspectacular and always human,
And shares our bed and eats at our own table.

W.H. Auden, "Herman Melville," *Collected Shorter Poems 1927–1957* 145 (Random House 1966).

You essentially denied and destroyed the humanity of your victims, Philip McCloskey, Jonathan Rizzo, and Robert Whitney. You treated them as things on which you could unleash your sadistic impulses, rather than as people with rights to life and hope.

Nevertheless, every effort has been made in this case to recognize and respect your humanity, to give you the fair chance that you denied your victims to live rather than to die.

The prosecutors treated you with the dignity due to every defendant. The public has provided you with three lawyers who devoted all of their energy, ability, and experience to trying to save your life. The public also paid for the employment of expert and other witnesses to testify on your behalf.

I have made my best effort to give you a fair trial. That required making decisions that I understand were painful to the victims' families, but which were legally necessary and appropriate.

The jury heard the substantial evidence about you as a person that your attorneys presented. After considering all of the evidence, the jury decided that death was the most appropriate penalty in this case. There will, therefore, be another killing.

However, there is a difference between a murder and an execution. That difference is the fair process by which a jury of citizens from this community has decided that your death is justified.

There are several purposes that are usually considered and may be served by a particular sentence. *See* 18 U.S.C. § 3553(a)(2). The jury's factual findings make clear that there is really only one purpose to be served by the death sentence imposed on you.

This sentence is not necessary to protect society from any danger that you might present in the future. *See* 18 U.S.C. § 3553(a)(2)(C). The jury was not persuaded that you would be dangerous if sentenced to life in prison without the possibility of release.

This sentence is obviously not intended to rehabilitate you or to deter you from committing crimes in the future. *See* 18 U.S.C. § 3553(a)(2)(B), (D). Nor was there any argument or evidence that executing you will generally deter other potential murderers. *See* 18 U.S.C. § 3553(a)(2)(B). I have never seen any evidence that the death penalty serves this purpose. Indeed, the irrationality of your crimes illustrates why capital punishment is unlikely to deter potentially violent criminals.

However, the jury's fact-finding and verdicts make clear that it decided that the death penalty is appropriate in this case to reflect the seriousness of your crimes and to provide just punishment for them. *See* 18 U.S.C. § 3553(a)(2)(A). The law calls this "retribution." Retribution is: "one of the purposes of punishment, [ ] satisfying the instinct of retaliation and revenge, which naturally arises in a victim, but also to a considerable extent in society generally. It may be deemed controlled and regularized vengeance exacted by society." David M. Walker, *The Oxford Companion*

*to Law* 1068 (Oxford Univ. Press 1980). So the death sentence that I have imposed on you is really intended solely to serve the purpose of retribution, meaning retaliation or revenge. In essence, the jury decided that because of the utter contempt that you showed for the lives of Philip McCloskey, Jonathan Rizzo, and Robert Whitney, your life should be taken too.

The morality of the death penalty can be debated on religious and philosophical grounds. Such debate continues constantly in our country. I have received letters that essentially argue that the death penalty is immoral and, therefore, I should not impose it. However, in our nation there is another morality that governs judges. It is sometimes called the "morality of consent." *See* Alexander M. Bickel, *The Morality of Consent* (Yale Univ. Press 1975).

We live, by consent, in a democracy. The people, through their representatives in Washington, D.C., have decided that the death penalty is justified in some cases. The people, through the jury, have decided that death is the proper penalty in your case. Believing in our democracy, and respecting the jury greatly, I have imposed that sentence.

I have, however, sentenced you to death with a great sense of personal responsibility and also with some sadness. That sadness is not because your punishment does not fit your crime. It does. You destroyed the lives of Philip McCloskey, Jonathan Rizzo, and Robert Whitney. You deeply and irreparably damaged each of their families. If anyone deserves the death penalty, you do.

However, I impose this sentence with some sadness because we live in a nation of decent people who, going back to the Declaration of Independence, have histori-

cally had as an ideal a reverence for life.[4] By committing horrific crimes that virtually compelled decent people in this community to condemn you to die, you have diminished, if not degraded, us all.

Unfortunately, no sentence can bring Philip McCloskey, Jonathan Rizzo, or Robert Whitney back to life. No sentence can truly be sufficient for their families.

Although this trial necessarily focused on you, the testimony provided meaningful insight into your victims' lives, and the pain and suffering that you have inflicted on their families. These are wounds that I expect will never fully heal. It is my hope, however, that this trial, the jury's verdicts, and this sentence will help the victims' families move on to lives which, like their powerful and poignant testimony, will be glorious memorials to those whom they have loved and lost.

---

**4.** As the Declaration of Independence states: "We hold these truths to be self-evident, that all men are created equal, that they are en-dowed by their Creator with certain unalienable Rights, that among these are, Life, Liberty, and the pursuit of Happiness."